1  **JOHN L. BURRIS, Esq. SBN 69888**
   **BENJAMIN NISENBAUM, Esq. SBN 222173**
2  **LATEEF H. GRAY, Esq. SBN 250055**
   **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone: (510) 839-5200
5  Facsimile: (510) 839-3882
   john.burris@johnburrislaw.com
6  bnisenbaum@gmail.com
   lateef.gray@johnburrislaw.com
7
   Attorneys for Plaintiffs
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11 | Barbara Doss, individually; B.A., co-successor-in-interest to Decedent Dujuan Armstrong, by and through his Guardian Ad Litem Lilly Coleman; J.L.J.A., co-successor-in-interest to Decedent Dujuan Armstrong, by and through her Guardian Ad Litem Janae Cook; and O.A., co-successor-in-interest to Decedent Dujuan Armstrong, by and through his Guardian Ad Litem Chastity Williams, | CASE NO.:

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES

JURY TRIAL DEMANDED

                    Plaintiffs,
         v.

COUNTY OF ALAMEDA, a municipal corporation; GREGORY AHERN, individually and in his official capacity as Sheriff for the ALAMEDA COUNTY Sheriff's Office; "FNU" MOSCHETTI, individually and in his official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; JOSHUA PLOSSER, individually and in his official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; KEVIN CALHOUN, individually and in his official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; EDUARDO RIVERA-VELAZQUEZ individually and in his official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; MONICA DEVINE, individually and in her official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; JOSEPHINE COSTANZO, individually and in her official capacity as a Deputy Sheriff for the ALAMEDA COUNTY Sheriff's Office; DYLAN GREEN, individually and in his official capacity as a Deputy Sheriff for the

ALAMEDA COUNTY Sheriff's Office; and DOES 1-50, inclusive, individually, jointly and severally,

Defendants.

# INTRODUCTION

1. This case arises out of the wrongful death of DUJUAN ARMSTRONG, a twenty three-year-old man, who was serving a weekend sentence at Santa Rita Jail. On Friday June 22, 2018, Mr. ARMSTRONG reported to the Alameda County Sheriff's Office, Santa Rita Jail, for his second consecutive weekend in the Jail Weekend Inmate Program. On June 23, 2018, the defendant deputies unreasonably killed Mr. ARMSTRONG during restraint. Defendant deputies were well aware that they had killed Mr. ARMSTRONG and attempted to conceal Mr. ARMSTRONG's death. Moreover, Defendant deputies were not properly trained in how to avoid asphyxiation during restraint.

# JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Dublin, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

3. Decedent, DUJUAN ARMSTRONG (hereinafter "Decedent"), was an individual residing in the County of Alameda, State of California. Decedent was unmarried at the time of his death and died intestate. Decedent was readily identifiable as African American. Decedent did not file any legal actions prior to his death. Decedent has three surviving minor children.

4. At all times mentioned herein, Plaintiff BARBARA DOSS (hereinafter "PLAINTIFF DOSS"), has been and is a resident of Alameda County. PLAINTIFF DOSS is the biological mother of Decedent ARMSTRONG.

5. Plaintiff B.A. sues in his individual capacity, through his Guardian Ad Litem LILLY COLEMAN, as Decedent ARMSTRONG's child and in representative capacity and co-successor-in-interest to Decedent ARMSTRONG pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

6. Plaintiff J.L.J.A. sues in her individual capacity, through her Guardian Ad Litem JANAE COOK, as Decedent ARMSTRONG's child and in a representative capacity as co-successor-in-interest to Decedent ARMSTRONG pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

7. Plaintiff O.A. sues his individual capacity, through his Guardian Ad Litem CHASTITY WILLIAMS, as Decedent ARMSTRONG's child and in a representative capacity as co-successor-in-interest to Decedent ARMSTRONG pursuant to California Code of Civil Procedure Sections 377.30. and 377.60 and California Probate Code Section 6402.

8. At all times mentioned herein, Defendant COUNTY OF ALAMEDA (hereinafter "DEFENDANT COUNTY" is a municipal corporation, existing under the laws of the State of California. Alameda County Sheriff's Office (ASCO) and Santa Rita Jail (SRJ) operate under the supervision of the COUNTY OF ALAMEDA.

9. At all times mentioned herein, Defendant GREGORY AHERN, (hereinafter "DEFENDANT AHERN"), was the Sheriff and chief policymaker for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

10. At all times mentioned herein, Defendant JOSHUA PLOSSER, (hereinafter "DEFENDANT

PLOSSER"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

11. At all times mentioned herein, Defendant KEVIN CALHOUN (hereinafter "DEFENDANT CALHOUN"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

12. At all times mentioned herein, Defendant EDUARDO RIVERA-VELAZQUEZ (hereinafter "DEFENDANT RIVERA-VELAZQUEZ"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

13. At all times mentioned herein, Defendant MONICA DEVINE (hereinafter "DEFENDANT DEVINE"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in her official capacity.

14. At all times mentioned herein, Defendant JOSEPHINE CONSTANZO (hereinafter "DEFENDANT CONSTANZO"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in her official capacity.

15. At all times mentioned herein, Defendant DYLAN GREEN (hereinafter "DEFENDANT GREEN"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

16. At all times mentioned herein, Defendant "FNU" MOSCHETTI (hereinafter "DEFENDANT MOSCHETTI"), was a Deputy Sheriff for the County of Alameda Sheriff's Office, and is sued individually and in his official capacity.

17. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs

believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend their complaint subject to further discovery.

18. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with Alameda County Sheriff's Office. In engaging in the conduct described herein, Defendant deputies exceeded the authority vested in them as deputies under the United States and California Constitutions, and as employees of Alameda County Sheriff's Department.

19. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs timely filed a Government Tort Claim with County of Alameda notifying the County of Plaintiffs' intent to file a lawsuit against County of Alameda and the involved Deputies.

20. Plaintiffs contend that the County of Alameda is liable for all state law causes of action under the theory of Respondeat Superior, wherein damages occurred while County of Alameda employees were engaged in the performance of their job duties.

## STATEMENT OF FACTS

21. On June 22, 2018, at approximately 8:37 p.m.,  Decedent reported to the Alameda County

Sheriff's Office at Santa Rita Jail in Dublin, California. As part of sentencing in an unrelated criminal matter, Decedent was to serve time by reporting to the Jail Weekend Inmate Program at Santa Rita Jail. The incident in question took place on Decedent's second consecutive weekend reporting to Santa Rita Jail. Decedent had four months to serve in weekend increments at Santa Rita Jail.

22. Upon reporting to Santa Rita Jail, Decedent was cleared and admitted for his weekend comittment by Alameda County Sheriff's Office's intake staff, in spite of having ingested narcotics sometime before admission and exhibiting clear symptoms that he was under severe distress.

23. On the evening of June 22, 2018, Decedent placed several phone calls to his girlfriend, Chastity Williams. Decedent's dialogue and responses were "limited as he typically responded slowly with few words and/or disjointed sentences."

24. On June 23, 2018, at approximately 5:25 a.m., Defendant RIVERA-VELAZQUEZ and witness, Deputy Soto, observed Decedent, who had difficulty expressing coherent words to the deputies. Deputy Soto told the Intake Deputies about Decedent's behavior.

25. Deputy Valentine, who began his shift at 5:00 a.m. on June 23, 2018, observed decedent yell "Help me!", with Decedent's behavior worsening, as he kneeled on all fours, barked, cried and desperately continued yelling out "Help me!. Nonetheless, there is no record that suggests that any help was given to Decedent at this time.

26. At approximately 6:08 a.m., Decedent allegedly first notified Defendant deputies that he was "high." Deputy Hoodye alleges that Decedent communicated to him that this was his first time being high. According to Deputy Soto, Decedent had trouble communicating this simple statement to the deputies.

27. By 7:20 a.m., Decedent's condition was so severe that he continuously banged on his cell

door. However, instead of providing immediate medical care to Decedent, Defendants transferred Decedent from this initial cell because it was located near the nurses's station and his alarming behaviour allegedly made it difficult for the nurses to work on other tasks. Meanwhile Decedent was simply trying to get help and medical attention for himself.

28. At approximately 7:31 a.m., nurses collected a urine sample from Decedent, without incident. Nonetheless, by 9:30 a.m., Decedent was observed completely naked in his cell.  No recorded action was taken. At about 11:08 a.m., Defendant Deputy TOWNSEND conducted a general observation check, whereupon he observed Decedent still naked in his cell. During this interaction, Decedent once again notified Defendants of the drugs he had consumed the prior day.

29. At approximately 2:10 p.m., Deputy Bryning observed Decedent, who was still naked in his cell, still displaying symptoms of distress.  Decedent was staring right through Deputy Bryning as if Deputy Bryning were not there.

30. At approximately 2:20 p.m., Deputy Eastus observed Decedent standing inside his cell, still completely naked. At this point, Decedent's behavior had drastically worsened from bizarre to alarming.

31. Around this same time, Deputy Moruza and Deputy Soto, who witnessed Decedent's behavior, allegedly reported to the nursing staff that Decedent needed medical attention. Nonetheless, there is no record that anything was done to medically aid Decedent at this time.

32. At approximately 2:36 p.m., Defendant Deputy TOWNSEND observed Decedent's behavior and noted it to be "associated with being paranoid and scared of everyone around him." Nonetheless, no recorded aid of any sort was provided to Decedent during this time of crisis.

33. At approximately 3:00 p.m., Deputy Valentine reported that even though Decedent's condition had worsened, he was cleared for further incarceration.

34. At approximately 3:31 p.m., members of the nursing staff informed Defendant Deputy RIVERA-VELAZQUEZ that Decedent needed to be transported to the Outpatient Housing Unit. However, there are no records that reflect that Defendant Deputy RIVERA-VELAZQUEZ acted upon this medical advice and Decedent remained in his cell without any care.

35. Defendants waited almost 24 hours, from the time Decedent reported to Santa Rita jail, to attempt to provide him with the medical care he desperately needed during Decedent's time of crisis while in Defendants' custody. Defendants recklessly disregarded Decedent's behavior, which clearly reflected that he needed specialized medical care.

36. At approximately 6:30 p.m., almost 22 hours after Decedent initially reprted to Santa Rita Jail, Defendants finally began to transport Decedent to the Outpatient Housing Unit.

37. Decedent was initially transported by Defendants PLOSSER, RIVERA-VELAZQUEZ and CALHOUN. Shortly after the transportation began, Decedent increasingly became more agitated and distressed as Defendants COSTANZO, DEVINE and GREEN joined the transportation.

38. During transportation, Decedent continued to exhibit symptoms of paranoia and severe distress, resulting in him being reluctant to be taken out of his cell and walked to the Outpatient Housing Unit.

39. At some point during transportation, Defendant Deputies took Decedent to the ground, whereby they slammed Decedent down to the ground and began violently striking Decedent with their knees and feet.

40. At some point while Decedent was on the ground being violently kneed and kicked by Defendant Deputies PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO and GREEN, the decision was made to place Decedent in a WRAP device. Decedent was in a calm state when the WRAP leg restraints were applied.

41. Despite showing obvious signs of distress and paranoia, Decedent, while handcuffed behind his back and sitting in a L position, was asphyxiated by restraint, as the officers forced Decedent's upper body towards his feet, with Defendant deputies applying force on Decedent's head, neck, shoulder and back. Defendants then placed Decedent in a WRAP device. In addition, though he was not spitting, a spit mask was placed over Decedent's head.

42. Defendant Moschetti allegedly performed a blood pressure check, which purportedly did not raise any concerns for Decedent's medical condition. However, shortly thereafter, a nurse attempted to check Decedent's pulse and was unable to locate one. Despite resuscitation efforts, Decedent was pronounced deceased at 7:24 p.m.

43. As stated in the Coroner's Report, Decedent died as a result of being asphyxiated by Defendants during restraint. Plaintiffs contend that that Decedent was dead or dying when the spit mask was put on his face, and that Defendants placed the spit mask to conceal Decedent's actual medical condition, that Decedent was dead or dying.

44. To add further insult to injury, Alameda County Officials within the District Attorney's Office placed a "media hold" on the coroner's report, which prevented Plaintiffs from accessing the information for over a year. This report contains critical information that would have provided Decedent's family with answers regarding the circumstances surrounding their loved one's death. Instead, Plaintiffs were simply left to speculate for over one year regarding Decedent's death.

45. Plaintiffs are informed and believe and thereon allege that Alameda County, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers PLOSSER, CALHOUN, RIVERA-

VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force used by Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and Does 1-25 inclusive, amounting to severe misconduct. Plaintiffs further contend that this includes failing to train said Defendants, and all or most Alameda County Deputy Sheriffs, in how to avoid asphyxiating subjects during restraint, in violation of standard law enforcement training. Plaintiffs contend that high level policy makers, including Defendant AHERN, and other policy makers, were aware of the deficiencies in training in how to avoid asphyxiation during restraint, but nonetheless permitted Alameda County Deputies to work in situations where they would routinely be expected to conduct restraints of inmates, thereby foreseeably exposing inmates supervised by Alameda County deputies to the foreseeable risk of being killed by being unreasonably asphyxiated during restraint.

46. Plaintiffs are informed, believe and thereon allege that members of the Alameda County Sheriff's Office, including, but not limited to Defendant Officers and DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent.

47. Plaintiffs are further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit Alameda County, the Alameda County Sheriff's Office has allowed persons to be abused by its Deputies, including Defendant Deputies PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE,

CONSTANZO, GREEN and DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

48. Plaintiffs are informed, believe and therein allege that Alameda County Sheriff's Office deputies exhibit a pattern and practice of using excessive and/or deadly force against citizens.

49. Plaintiffs are informed, believe and therein allege that Alameda County knew, had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

50. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

51. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

52. Plaintiff B.A., by and through his Guardian Ad Litem Lilly Coleman, Plaintiff J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and Plaintiff O.A., by and through his Guardian Ad Litem Chastity Williams bring this claim as co-successors-in-interest to Decedent Armstrong and seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and

Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

53. Plaintiff B.A., by and through his Guardian Ad Litem Lilly Coleman, Plaintiff J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and Plaintiff O.A., by and through his Guardian Ad Litem Chastity Williams are further entitled to recover damages incurred by Decedent before he died as a result of being asphyxiated by restraint, of Decedent's right to life and enjoyment of life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of pain and suffering he endured, during the time he struggled for his life, as a result of the violation of his civil rights.

54. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
#### Violation of Fourth Amendment of the United States Constitution
#### (42 U.S.C. §1983)
(Plaintiffs B.A., by and through his Guardian Ad Litem Lilly Coleman, J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and O.A., by and through his Guardian Ad Litem Chastity Williams Against Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25)

55. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 of this Complaint as though fully set forth.

56. Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN, and DOES 1-25's above-described conduct violated Decedent's right, as provided for under

the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

57. DECEDENT was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death.

58. DECEDENT did not file a legal action before his death.

59. Plaintiffs B.A., by and through his Guardian Ad Litem Lilly Coleman, J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and O.A., by and through his Guardian Ad Litem Chastity Williams, are co-successors-in-interest of DECEDENT and bring claims for damages for the conscious pain and suffering incurred by DECEDENT, as provided for under 42 U.S.C. §1983.

60. Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN, and DOES 1-25 acted under color of law by killing Decedent without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(**Plaintiffs BARBARA DOSS, B.A., by and through his Guardian Ad Litem Lilly Coleman, J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and O.A., by and through his Guardian Ad Litem Chastity Williams, Against Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25**)**

61. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 60 of this Complaint as though fully set forth.

62. Defendants, acting under color of state law, and without due process of law, deprived

Plaintiffs of their right to a familial relationship by seizing Decedent and by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and further attempted to conceal their extraordinary use of force and hide the true cause of Decedent's death in order to deprive Plaintiffs of their rights to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* – 42 U.S.C. section 1983)
(Plaintiff B.A., by and through their Guardian Ad Litem Lilly Coleman, Plaintiff J.L.J.A., by and through her Guardian Ad Litem Janae Cook, Plaintiff O.A., by and through his Guardian Ad Litem Chastity Williams; and Plaintiff Barbara Doss Against COUNTY OF ALAMEDA and DOES 26-50)

63. Plaintiffs hereby re-allege and incorporates by reference herein paragraphs 1 through 62 of this Complaint.

64. Plaintiffs are informed and believe and thereon allege that high-ranking County of Alameda Officials, including Defendant AHERN, high ranking Alameda County Sheriff's Office supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by Alameda County – Santa Rita Jail Sheriff Deputies.

65. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Alameda County and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the Alameda County Sheriff's Office, which brought about Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN, and DOES 1-25 unlawfully smothering DECEDENT, killing him.

66. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25 and/or each of them, Defendants AHERN, Alameda County and/or DOES 26-50 ratified and encouraged these officers to continue their course of misconduct.

67. Plaintiffs further allege that Defendants Alameda County and DOES 26-50 and/or each of them, were on notice of the Constitutional defects in their training of Alameda County Sheriff's Office deputies, including, but not limited to: unlawfully using excessive force, and failing to reasonable train deputies in avoiding asphyxiating subjects during restraint, exposing subjects to the risk of death by unreasonably conducted restraints.

68. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking Alameda County officials, including high ranking Alameda County Sheriff's Office supervisors, DOES 26-50, and/or each of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of Plaintiffs' State Statutory Rights)**
**(Violation of California Civil Code § 52.1)**
(Plaintiffs Barbara Doss, B.A., by and through his Guardian Ad Litem Lilly Coleman, J.L.J.A., by and through her Guardian Ad Litem Janae Cook, and O.A., by and through his

Guardian Ad Litem Chastity Williams Against Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25)

69. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 68 of this Complaint as though fully set forth.

70. Defendant PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the DECEDENT's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

71. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

72. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered as hereinafter set forth below.

73. Plaintiffs contend that Alameda County is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while Alameda County employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
(Plaintiffs Barbara Doss, B.A., by and through his Guardian Ad Litem Lilly Coleman, J.L.J.A., by and through her Guardian Ad Litem Janae Cook and O.A., by and through his Guardian Ad Litem Chastity Williams Against Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25; and Plaintiff Barbara Doss, Against Defendants PLOSSER, CALHOUN, RIVERA-VELAZQUEZ, DEVINE, CONSTANZO, GREEN and DOES 1-25)

74. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 73 of this Complaint as though fully set forth, except for any and all allegations of wrongful death, intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

75. Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused DECEDENT's death, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

76. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

77. Plaintiffs contend that Alameda County is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while Alameda County employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

78. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined

according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF JOHN BURRIS**

Dated: December 4, 2019          /s/ *John L. Burris*
                                 **John L. Burris**
                                 Attorneys for Plaintiffs