1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    BARBARA DOSS, et al.,                    Case No.  19-cv-07940-CRB

9              Plaintiffs,

10        v.                                  **ORDER REGARDING**
                                              **AUTOMATIC STAY**
11   COUNTY OF ALAMEDA, et al.,

12             Defendants.

13        On November 15, 2024, Defendant Wellpath, Inc. filed a suggestion of bankruptcy

14   and notice of stay (dkt. 148), in which Wellpath indicated that it had filed for chapter 11

15   bankruptcy in the Southern District of Texas.  Pursuant to section 362 of the Bankruptcy

16   Code, Judge Alfredo Pérez of the U.S. Bankruptcy Court for the Southern District of Texas

17   entered an automatic stay of any proceedings against Wellpath.  That stay applies here.

18        Then, on November 26, 2024, Defendant Guadalupe Garcia filed a suggestion of

19   bankruptcy and notice of stay (dkt. 149) in which she raised the same stay order from

20   Judge Pérez but asserted that it should operate as a stay of this case "in its entirety,

21   including the plaintiffs' claims against the non-Debtor defendants [i.e., Defendants other

22   than Wellpath]."  Garcia quotes the following language from Judge Pérez's order: "The

23   lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor

24   Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code."  Am.

25   Interim Order Enforcing the Auto. Stay at 2, In re Wellpath Holdings, Inc., Case No. 24-

26   90533 (ARP) (Bankr. S.D. Tex. Nov. 12, 2024), ECF 69.  But Judge Pérez's order makes

27   clear that capitalized terms like "Non-Debtor Defendants" are defined terms of art that

28   "have the meanings ascribed to them in" a motion filed in that case."  Id. at 1 n.1.  That

United States District Court
Northern District of California

motion defines "Non-Debtor Defendants" with yet more defined terms and more cross-references to other documents, so it is unclear whether it applies to Garcia.  Mot. for Entry of Interim & Final Orders to Enforce the Auto. Stay or in the Altern. Extend the Auto. Stay to Non-Debtor Defs. at 2, <u>Wellpath Holdings</u> (Bankr. S.D. Tex. Nov. 12, 2024), ECF 17.[1]

The Court will not wade through the morass of bankruptcy filings to determine whether Judge Pérez's stay order applies to any defendants other than Wellpath in this litigation.  That is unnecessary.  The Court retains inherent authority "to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Mediterranean Enters., Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).  Many of Plaintiffs' claims in this case arise from similar facts and similar legal arguments such that a partial stay would require the parties to relitigate the same issues once the bankruptcy stay is lifted.  That would be inefficient for everyone involved.  <u>See</u> <u>J & J Sports Prods., Inc. v. Brar</u>, No. 09-CV-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012); <u>HML Holdings, LLC v. Romero</u>, No. 21-CV-380-BAS-BLM, 2021 WL 4751168, at *2–3 (S.D. Cal. Oct. 12, 2021).

The Court therefore **STAYS** all proceedings in this matter pending resolution of Wellpath's bankruptcy petition.  Upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay, the parties shall, within 14 days, file a status report in this matter.

**IT IS SO ORDERED.**

Dated: December 3, 2024

CHARLES R. BREYER
United States District Judge

---

[1] While defined terms may be useful shorthand while drafting, lawyers should take care not to overuse them, especially in proposed orders when finding the definitions requires cross-referencing to various briefs and declarations.  After all, someone eventually needs to read and understand court orders—and lawyers' briefs, for that matter.  A complicated web of cross-references wastes courts' and lawyers' time (and clients' money); it also increases, rather than decreases, the risk of misinterpretation.  <u>Cf.</u> Richard A. Posner, <u>Goodbye to the Bluebook</u>, 53 U. Chi. L. Rev. 1343, 1350 (1986) (criticizing overuse of cross-references that "make the reader spend his time flipping backwards and forwards").